**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION**

ANTHONY L. BRADLEY,

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

CASE: 3:19-CV-11216-RHC-RSW

**FEDERAL RULE OF CIVIL PROCEDURE 26(f)
JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's July 16, 2019 Notice of Telephonic Scheduling Conference and Order to Appear (Dkt. #10), the parties conducted a FRCP 26(f) conference on July 24, 2019 and jointly submit this Rule 26(f) Joint Proposed Discovery Plan to the Court.

1. On **July 24, 2019**, we conferred via email and discussed the issues identified under Fed. R. Civ. P. 26(f).

2. The basis for the Court's jurisdiction is **subject matter jurisdiction pursuant to, 15 U.S.C. §1692, 47 U.S.C. §1692, M.C.L. §339.901, 28 U.S.C. § 1331, and 28 U.S.C. § 1367**. Jurisdiction **is conceded, other than as to the lack of Article III standing.**.

3. This case is to be tried **before a jury**.

4. We have discussed requesting "consent jurisdiction" (28 U.S.C. § 636(c)), to the assigned Magistrate Judge. **At this time the parties due not unanimously consent**.

5. Following is a summary of the nature of plaintiff's claims: **Plaintiff's Complaint (Dkt. 1) alleges that Defendant violated 15 U.S.C. §1692 of the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and M.C.L. §339.901 of the Michigan Occupational Code ("MOC") through its debt collection activities. Plaintiff contends that Defendant utilized harassing collection behavior in effort to coerce Plaintiff into making immediate payment on an outstanding debt.**

6. The Plaintiff consents to withdraw **no claims**.

7. Any supplemental (or "pendant") state law claims involved in this case are as follows: **the MOC as outlined in 5**.

8. **In addition to the Affirmative Defenses listed in Defendant's Answer, the following defenses and claims are raised by Defendant:**

**On December 26, 2018, Midland purchased a delinquent Credit One credit card account belonging to Plaintiff with a charge off balance of $931.64. Defendant Midland Credit Management, Inc. ("Midland") denies the allegations in Plaintiff's Complaint, as set forth in Midland's Answer and Affirmative Defenses, filed with the Court.**

**The Complaint alleges violations of the FDPCA and TCPA.  Plaintiff claims Midland began placing collection calls to his cell phone number 313 xxxx-5658 in an attempt to collect on a Credit One debt and continued after being asked to stop calling.**

**There is no record of calls being placed to consumer after notification to cease and desist received on January 15, 2019.  Phone consent was obtained through express consent, per the Credit One cardholder agreement.**

9. The Defendant hereby withdraws no defenses.

10. The Answer was filed on or about **June 17, 2019**.

11. We **have not** begun discovery by agreement.

12. We have read the Court's guidelines on discovery developed the following discovery plan, and recommended that the Court enter an Order to this effect:

(a) The following changes should be made in the timing or substance of any mandatory disclosures: **none**.

(b) Discovery may be needed on the following subjects:  **the communications between the parties, Defendant's policies and procedures related to the collection of delinquent accounts, and the technology used to assist in placing the alleged calls at issue**.  Plaintiff's alleged damages, if any, and allegations in Plaintiff's Complaint.

3

(c) The case is **standard.** Discovery should continue through **December 13, 2019.**

(d) Discovery need not be phased or limited except as follows: **none**.

(e) No changes should be made in limitations on discovery imposed under the rules except: A maximum of 25 requests for production by each party to another party

(f) No additional limitations on discovery should be imposed except: **none**.

(g) The following Orders should be entered at this time relating to privileges , or under Rule 16(c): **none**.

(h) Discovery costs for Plaintiff, including attorney fees, may reach about **$25,000.00**.

Discovery costs for Defendant, including attorney fees, may be in excess of **$20,000**.

13. Our joint view is the parties would like to engage in preliminary discovery and then will participate in early facilitated mediation.

14. Based on what is known at this time, we estimate that at trial we may require approximately:

(a) **6** in-Court hours for the presentation of Plaintiff's case, and

(b) **4** in-Court hours for the presentation of Defendant's defense.

Respectfully submitted,


*/s/ Alexander J. Taylor*
Alexander J. Taylor, #6327679
Ahmad T. Sulaiman, #6279456
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com
ahmad.sulaiman@sulaimanlaw.com
*Attorneys for Plaintiff*


*/s/ Theodore W. Seitz*
Theodore W. Seitz
Dykema Gossett PLLC
Capitol View Building
201 Townsend Street, Suite 900
Lansing, Michigan 48933
(517) 374-9100
TSeitz@dykema.com
ESedmak@dykema.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2019, a copy of the foregoing Federal Rule of Civil Procedure 26(f) Proposed Discovery Plan was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/Alexander J. Taylor*
*One of the Attorneys for Plaintiff*